MARY ZAHORSKY ET AL. v. GEORGE ZAHORSKY

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 76359

Memorandum filed February 1, 1947.

*Frank Habansky*, of Bridgeport, for the Plaintiffs.
*Milton J. Herman*, of Bridgeport, for the Defendant.

CORNELL, J. Section 88A of the Practice Book reads as follows: "No motion for judgment by default or nonsuit for failure to plead will be considered by the court unless the moving party has given the adverse party at least one week's written notice of his intention to move for such judgment and has so alleged in his motion. No such motion shall be continued on the short calendar." While this section does not specifically say so, its plain import is that a motion of the character to which it applies should set forth what the moving party has done and the content of the notice be given so that the court may be enabled to determine whether the rule has been complied with. This ordinarily will require that a copy of the written notice envisaged be annexed to the motion or filed and identified by reference thereto in such notice together with a description of when and how the notice was brought to the attention of the adverse party (whether by mailing or personal delivery to him).

The instant motion merely recites that "The plaintiff requests this Honorable Court for judgment because of the defendant's failure to answer, even though written request was made in accordance with the practice act." In the first place, "a request" that the defendant file an answer is not an equivalent of a notice of intention to move for judgment. In the second, even the statement that whatever was done was "in accordance with the practice act" is a mere conclusion of law by the moving party. In the third, there are no facts stated from which the court may determine whether the requirements of such notice were satisfied or not.

Motion denied.